## Appeal of Joe Curcio.

54

Argued April 20, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*John M. Bennett,* for appellant.

*Albert W. Stenger,* Assistant District Attorney, and with him *W. Lloyd Hibbs,* District Attorney, for appellee.

OPINION BY KELLER, J., July 14, 1932:

About ten o'clock in the morning of November 8, 1930 two county detectives raided the billiard room of Joe Curcio in the City of Johnstown. They found all the equipment and paraphernalia used in the "number" game, an illegal lottery. See Com. v. Banks, 98 Pa. Superior Ct. 432. They also found several men counting and sorting money which was spread out on a table, and putting it up into packages of bills, quarters, dimes, nickels, etc. There was also some money in a cigar box. The detectives confiscated the gambling paraphernalia, and seized the money found, amounting to $915.65. Curcio was indicted and pleaded guilty to the charge of operating and maintaining a lottery.

He subsequently presented a petition to the court of quarter sessions asking for the return to him of the money seized by the detectives. In his petition he alleged that the money in the cigar box amounting to $320 was derived from the operation of his billiard tables and not connected in any manner with the lottery. As to the rest of the money, his petition averred: "Your petitioner admits that the balance of $595.65 was money paid in by persons engaging in said lottery, but said sum belongs to your petitioner as operator of said lottery."

After hearing, the court ordered $320 to be returned

to the petitioner, but refused to order the return of the remainder. From this order the petitioner appealed.

Curcio testified that he was the agent or representative of a Pittsburgh "backer", or proprietor of the lottery. That he sold tickets up to 9:00 o'clock in the evening for the prizes to be ascertained and paid the next day. The prize winners were announced the next morning between 11:30 and 12:00 o'clock. The duplicate tickets and money were sent by runner or messenger to Pittsburgh, so as to arrive before the winning numbers were announced. Curcio testified on cross-examination. "Q. Then your intention, Joe, was to take this money and turn it and the box [containing the duplicate tickets, etc.] over to the runner at Munday's Corner? A. Right. He would pick up at Altoona and I would meet him at Munday's Corner, and he would go on to Pittsburgh."

It is true that he testified in chief that this money had been paid in on previous occasions and was kept by him to make change and pay prizes before the money arrived from Pittsburgh, but his testimony was inconsistent, and taken in connection with the above admission, the averment in the petition already quoted and the evidence of the detectives as to what they saw and found with reference to this money on the table at the time they made the raid, the court was not bound to believe his statement in this regard.

If this money represented money that had been paid in by purchasers of tickets the day before, and was seized before there had been any determination or awarding of prizes, as was the case, then the money belonged to the purchasers of the tickets and not to this petitioner, who stood as a sort of stakeholder with moneys of others placed in his hands by virtue of the gambling transaction. See Conklin v. Conway, 18 Pa. 329. The fact that he may have subsequently remitted money of his own to the Pittsburgh "backer", or later may have paid the prizes to the winning ticket-

holders, would not transfer property in the money to him, and authorize him to use the machinery of the law to recover it: Seidenbender v. Charles, 4 S. & R. 151, 173.

The question argued by the appellant, that money seized by officers in a raid on a gambling place does not constitute a gambling device, which may be confiscated and destroyed, does not arise in this case.

We find no error in the court's action.

The assignment of error is overruled and the order of the court below is affirmed at the costs of the appellant.