## UNITED STATES v. ONE CIGARETTE MACHINE (ELMAD PRODUCTS CO., Intervener).

### No. 11748.

District Court, W. D. Missouri, W. D.

Nov. 19, 1932.

A. B. Lovan, Asst. U. S. Atty., and William A. Vandeventer, U. S. Atty., both of Kansas City, Mo.

Andrew Ellison, of Kansas City, Mo., for intervener.

OTIS, District Judge.

This cause has been submitted to the court upon a statement of facts agreed to by the libelant and intervener, as follows:

The Elmad Products Corporation is a Missouri corporation with a capital stock of $50,000. It is engaged in the business of vending cigarettes by means of machines which are principally located in apartment houses and restaurants. Its investment in these machines amounts to $50,000. The machines are automatic in operation, and upon the insertion of 15¢ in coins, dispense a pack-

age of cigarettes. These cigarettes are tax paid, and bear the revenue stamp of the Tax Department of Internal Revenue.

In the recent raids by the prohibition department approximately twenty machines were taken by the agents of the department and are now in the possession of the prohibition department.

These machines were located on premises where untaxed liquor was being sold. The Elmad Products Company had no direct knowledge that taxed unpaid liquor was being sold or removed from the premises.

The contents of these machines are of a perishable nature, and are subject to decomposition if not removed.

Prohibition agents seized on ———— day of September, 1932, at the Reel Café, located at 108 W. 18th street, one cigarette vending machine, the property of Elmad Products Corporation. This place was operated as a saloon and night club, and was equipped with old time saloon bars, mirrors, ice boxes, and all of the equipment usually found in a saloon. Tax unpaid intoxicating liquor was possessed for sale and sold openly and over the bar in fraud of the internal revenue laws of the United States. Said cigarette vending machine was found in the same room and building where tax unpaid intoxicating liquor was possessed for sale, as above said, and was in the custody of the proprietors of the Reel Café.

The libel was instituted under section 1185, 26 U. S. C. (26 USCA § 1185), which provides: "All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal-revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner of Internal Revenue for that purpose, and shall be forfeited to the United States. And all raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector,

914

as aforesaid, and shall be forfeited as aforesaid. The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the district court of the United States for the district where such seizure is made."

Section 1185, 26 USCA, has been construed by the Supreme Court, United States v. Ryan, 284 U. S. 167, 52 S. Ct. 65, 68, 76 L. Ed. 224, and the principles to be applied in such a case as this have been stated by that court. Said the Supreme Court: "Notwithstanding the broad language of the section, we think it may be given a reasonable construction, and the one most consistent with its apparent purpose, by the application of the principle noscitur a sociis. The taxed articles and the raw materials intended for manufacture are the principal things aimed at by the statute. Tools and implements by their use are connected incidents. By reason and analogy, as well as by context, we conclude that the general words 'all personal property whatsoever' were intended to include chattels other than the specified tools and implements, but to be restricted to those which, like tools or implements, are related to one or the other of the principal things, or incident to their intended use or disposition in fraud of the revenue. See United States v. Thirty-Three Barrels of Spirits [Fed. Cas. No. 16,470], supra. Here the seized articles, being the furnishings and equipment of a room in which tax-unpaid intoxicating liquors were dispensed, were incident to the sale, and were so related to the tax evasion at which the statute was aimed as to be clearly embraced within both its purpose and its words."

In the light of these principles the only question for decision here is this: Was intervener's cigarette vending machine an article which was used as an "incident to the sale" of intoxicating liquors on the premises described in the libel and the agreed statement of facts? If it was, then the libelant should prevail, and that without regard to any knowledge the intervenor may have had as to the unlawful nature of the business conducted on the premises where its machine was seized.

That a "bar, back bar and other saloon furnishings and equipment" are incidents to the sale of intoxicating liquors in a liquor selling place we know. The Ryan Case so rules. That "chattels" possessed on the premises by others (than the owner of the business conducted there) having no connection with (intoxicating liquors there being) or their intended sale are not such incidents we also know. The Ryan Case so decides. It is somewhat difficult, however, to draw a line and to say that this line clearly separates that which is confiscable from that which is not. But this certainly may be said: Whatever is used in connection with the sale of intoxicating liquor is an incident thereto, as the back bar where liquors are displayed, the bar over which they are dispensed, tables on which drinks are served, furnishings and equipment designed to attract customers to whom liquors may be sold, money drawers, cash registers, safes wherein are deposited the proceeds of sales.

One who operates an unlawful business may also on the same premises operate a lawful business. They may be so interwoven as that it is impossible to say that the equipment of one is not a part of the equipment of the other. They may be wholly independent, save that the profits of both go into a common purse. Where they are so independent it cannot be said, I think, that that which is incident to the lawful business is also, except in a far fetched sense, an incident of the unlawful business. Thus, if one sells both whisky and Bibles, or whisky and shoes, or whisky and cigarettes, I do not suppose it can be said that the book shelves which hold the Bibles, the show cases where the shoes are displayed, or the machines which contain and vend the cigarettes are incidents of the sale of whisky.

I find the facts to be as agreed to by the parties and conclude as a matter of law from those facts that the intervener is entitled to the possession of the cigarette machine described in the libel and that the same should be delivered to it.

An appropriate journal entry may be drawn and submitted.