## Hickerson et al. v. Commonwealth.

May 14, 1940.

J. G. Vallandingham, Judge.

William E. Wehrman and E. H. Walton for appellants.

Hubert Meredith, Attorney General, Charles Riley and Ward Yager for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

Fred Harry Guthrie was the owner of certain tables commonly known as "crap tables" which were previously located in Newport, Ky. Guthrie employed George Hickerson, his co-appellant herein, to transport the tables by motor truck from Newport, Ky., to Jeffersonville, Ind. While enroute through Boone County, Ky., a State Patrolman arrested Hickerson for speeding and took him before the county judge of Boone County and he confessed to the charge of speeding and paid his fine

and costs. During the progress of the trial the county judge asked Hickerson what he was transporting or, the contents of the truck, and Hickerson informed the judge that he was transporting "crap tables," whereupon the county judge ordered the sheriff of Boone County to investigate the contents of the truck. The sheriff went to the truck where it was parked on the street in front of the court house and found the crap tables which were partly covered by tarpaulin, but portions of them were visible to the sheriff. The sheriff made his report to the county judge whereupon the judge ordered him to proceed to confiscate the tables, as provided in Sections 1960 and 1962 of the Kentucky Statutes. Before the order of confiscation was carried into effect, Guthrie filed his intervening petition setting up ownership of the tables and contesting the right of the court to confiscate them. He plead that the tables were dissembled, not set up or being used for gaming purposes nor intended to be used in Boone County, Ky., or elsewhere in Kentucky, and for that reason did not come within the purview of the Statutes, supra; that the tables were in transit by interstate commerce by a common carrier and for that reason the officers had no right to seize them; and that the tables were not visible to the sheriff, and the truck was searched and the tables seized without a search warrant.

The Commonwealth answered denying the allegations of the intervening petition. By agreement of parties a jury was waived and the cause submitted to the court on the pleadings, briefs and arguments of counsel, and the court denied the relief sought in Guthrie's petition and ordered the tables confiscated, from which judgment appellants appealed to the Boone circuit court, where the facts were again submitted to the court upon the same pleadings and briefs and by agreement of parties a jury was again waived and the facts submitted to the court and the court sustained the judgment of the county court and ordered the tables confiscated. Appellant have appealed to this court.

Appellants' petition seeking to recover the tables is in the nature of a civil action and since the Commonwealth denied the allegations of the petition the burden was thus shifted to appellant to prove his alleged cause of action, which he failed to do, hence the question must be determined by construction of the Statutes, supra.

Appellants insist that the record and facts before the court showed nothing more than possession of the crap tables and since to merely possess such gaming devices is not made an offense under the Statutes, supra, no right to confiscate the tables is shown, and cite the case of Haycraft v. Com., 243 Ky. 568, 49 S. W. (2d) 314, wherein it is held that the word "keep" as used in Section 1960 of the Statutes means to maintain, attend, conduct or carry on and not merely to possess. If it be conceded that no offense was shown under Section 1960, yet we must take into consideration Section 1962, which after referring to gaming devices mentioned in Section 1960, it is provided:

> "And though no person be convicted as the setterup or keeper of such table or game, machine, bank or contrivance, yet if a jury shall, in summary proceedings, find that the money, table, bank, machine or contrivance, or other things, were used *or intended to be used* for the purpose of such gaming, they shall be so condemned and forfeited." (Our italics.)

The first part of Section 1962 referring to Section 1960 does not mean that gaming devices mentioned in Section 1962 must be set up, operated or otherwise used as pointed out in Section 1960 as a prerequisite to a forfeiture of such devices under the last part of Section 1962 quoted above. That reference is merely descriptive of the gaming devices but not descriptive of their use. That part of the statute authorizes a forfeiture of such gaming devices whether or not they are actually set up, operated, or used as provided in Section 1960, provided it is shown that such devices were intended to be used for the purpose of gaming.

Appellant also alleged in his answer and insists in his brief, that it was not his intention to set up or operate the gaming devices in question in Boone County nor anywhere else in Kentucky, and for that reason none of the provisions of the Statutes, supra, were violated. If a person is tried as the setterup, keeper or operator of such gaming devices of course the offense must have been committed within the jurisdiction of the court trying him. But it must not be overlooked that the latter part of Section 1962 authorizes the forfeiture of such property whether or not a person be convicted as a set-

terup or keeper thereof and under this part of the statute it is not material whether or not such property was intended to be set up or operated within the territorial jurisdiction of the court provided the property is found within its jurisdiction. It is sufficient if such property be found within the jurisdiction of the officers and intended to be used for gaming purposes at any place.

Under the pleadings and facts disclosed by this record, we find no error prejudicial to the substantial rights of appellants.

Judgment affirmed.