## Commonwealth v. Zoena

*Edward D. McLaughlin* and *Donald H. Hamilton*, for petitioner.

*C. William Kraft, Jr.*, district attorney, and *Solomon L. Hagy*, assistant district attorney, for Commonwealth.

ERVIN, J., March 1, 1944.—This is a petition by Mollie Zoena for the return of money seized by the State police at the time of the arrest of her brother for gambling. The petition must be allowed for a portion of the money seized and the balance must be declared forfeited.

On September 21, 1943, the State police and county detectives entered premises, 1026 West Third Street, Chester, Pa., by virtue of a search warrant, and ar-

rested the defendant, Angelo Zoena, also known as Charles Zoena. Considerable paraphernalia used in connection with the operation of the numbers game was seized in a room on the second floor of the premises. In that room there was also a large roll-top desk, in which there were found numerous number slips and various amounts of money in the drawers and compartments. There was also a large wardrobe, which was locked and opened by removing the hinges on the door. Among the contents of the wardrobe were two jars, one containing $865.60 in paper money and coins, the other $235.60 in dimes. The total amount of money confiscated by the officers was $2,019.43 in paper money and coins of various types. On November 5, 1943, the present petitioner, Mollie Zoena, the sister of the defendant, presented her petition in which she alleged that, of the money taken, the sum of $800 in bills in a large pickle jar, about $220 in dimes in a large blue glass jar, and about $38 in wrapped quarters and nickels, or a total of about $1,058, belonged to her and prayed for its return. The court did not act upon the petition until after the criminal trial of the defendant, who, in January 1944, pleaded guilty to maintaining a lottery and was sentenced thereon. Thereafter the Commonwealth filed an answer to the petition and testimony was taken before Ervin, J. The petitioner testified that she had been a waitress for four years and that the dimes in the jar taken by the officers were an accumulation of her tip money, which she had been saving. She also testified that her mother died in December 1942 and while on her deathbed gave her $800 in bills, stating that there was one $100 bill, two $50 bills, and other bills of smaller denominations. She further testified that the wardrobe which the police opened at the time of the raid had originally belonged to a boarder by the name of Ritchie, who had died in January 1943. She said that about a month

later she, together with her cousin, rearranged the room, taking out a bed and putting in a studio couch and a roll-top desk, but that the wardrobe was too large to move from the room. She testified that she then put the two glass jars, one containing the dimes and the other containing the money given her by her mother, in the wardrobe and locked it and that, although her brother used the room, he never used the wardrobe. She further testified that the amounts stated in her petition were based upon her recollection and, it appearing that the one jar contained $865.60 and the other jar $235.60, the court permitted her to amend her petition so that her claim amounts to $1,101.20. The petitioner's testimony was corroborated to some extent by her cousin, Florence Smith, and another witness, Nicola Vecchia. The arresting officers were unable to testify as to anything further than the physical condition of the premises at the time of the raid.

The right of the Commonwealth to forfeit gaming devices or apparatus is found in sections 59 and 60 of the Act of March 31, 1860, P. L. 382, 18 PS §§1444, 1445. It was held in In re Urban's Appeal, 148 Pa. Superior Ct. 101, that these sections were not repealed by The Penal Code of June 24, 1939, P. L. 872. The Superior Court has on several occasions stated under what circumstances money seized in connection with violation of the gambling laws may be forfeited. In Fairmount Engine Co. v. Montgomery County, 135 Pa. Superior Ct. 367, the court analyzes two prior cases, Curcio's Appeal, 106 Pa. Superior Ct. 53, and Rosen v. Superintendent of Police et al, 120 Pa. Superior Ct. 59, and lays down the following rule (p. 371) :

"Money received for lottery tickets and 'policy' slips and from playing 'numbers,' and held awaiting the drawing of the lottery, or the determination of the winning number, if earmarked or segregated so as to be identified as part of the gambling operation, may

likewise be confiscated as contraband by the authorities along with the gambling instrumentality." See also Commonwealth v. Keilholtz et al., Q. S. Delaware Co., September term, 1936, nos. 380, 381, 382, opinion by the late President Judge W. Roger Fronefield.

We do not feel that the money in the two jars in the present case has been earmarked or segregated so as to be identified as part of the gambling operation. As a matter of fact, all the evidence points to the opposite conclusion. These coins and bills were not only in sealed containers but were in a locked wardrobe. Therefore, we feel that the petitioner is entitled to the return of the specific money therein, totaling $1,101.20.

As to the balance of the amount seized, to wit, $918.23, there has been no formal petition on the part of the Commonwealth to decree a forfeiture, but such a prayer was included in the Commonwealth's answer to the present petition. Therefore, we will act upon that prayer and declare said money forfeited.