# Gilley v. Commonwealth.

March 17, 1950.

Rehearing denied May 5, 1950.

Ray L. Murphy, Judge.

Davies & Hirschfeld for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Reversing.

Buford Gilley was indicted under KRS 436.360 for operating a lottery. He pleaded guilty under KRS 436.-250 of permitting gambling on his premises and was fined $300, which he immediately paid. Thereafter the Commonwealth, acting through the Attorney General, moved the court under KRS 436.280 to forfeit for the use of the State $3331.50 in cash which was found on Gilley's premises at the time he was arrested. From the judgment of the court sustaining this motion and forfeiting that sum to the Commonwealth, Gilley appeals.

Two grounds are urged for reversal: 1. the court erred in sustaining the motion for a forfeiture. because a seizure of money in violation of KRS 436.230 is not authorized by law unless the money is used as a stake or exhibit to allure persons to wager; 2. the court erred in overruling appellant's motion for a trial by jury on the issue of forfeiture. As we deem the first ground has merit, it becomes unnecessary to consider the second.

The facts are stipulated and are not in dispute. On Feb. 26, 1949, police officers of the City of Newport accompanied by Morris Weintraub, then City Solicitor and City Manager of Newport, went to a building at 325 Central Avenue in that city for the alleged purpose of serving a subpoena in a trial about to begin in the Campbell Circuit Court. Upon entering the building they found on the first floor a safe, a large number of "policy slips" which are used in operating a "numbers" or "policy" game. Also, there was found "other equipment such as floor lamps, wearing apparel, automobile keys, adding machines and one Iver-Johnson 38 caliber pistol and $803.85 in cash. * * * On the second floor the officers found Buford Gilley counting some money and upon in-

vestigation they found it amounted to $2527.65, making a total from both floors of $3331.50."

The stipulation further shows the "numbers" game is played by the operator selling through his agents three numbers on slips of paper to various players throughout the city. A large number which is published daily in the press, such as the United States Treasury balance, is agreed upon in advance to determine the winner. If the purchaser gets a slip which contains three numbers in sequence as they appear in the publication of that day's treasury balance, he wins a cash prize. The size of the prize is determined by the amount he pays for the slip he buys. Carbon copies are retained of the slips sold so a check may be kept on the purchaser. The slips found in appellant's safe were carbon copies and were not cashable but had been retained for office records.

There can be no doubt that the "numbers" game as described in the stipulation was a lottery, the crime for which appellant was indicted. Com. v. Malco-Memphis Theaters Co., 293 Ky. 531, 169 S. W. 2d 596; Forte v. United States, 65 App. D. C. 335, 83 F. 2d 612, 105 A. L. R. 300, and annotations following on page 305. To determine whether the Commonwealth was authorized to forfeit this money we must apply the facts shown in the stipulation to our statutes providing for the confiscation of gambling paraphernalia and the "money or other things staked or exhibited to allure persons to wager."

Appellant pleaded guilty to the offense of permitting gambling on his premises, a crime denounced under KRS 436.250, which statute specifies the offense therein denounced is "under circumstances not constituting a violation of the provisions of KRS 436.230," which section makes it a felony for any person to set up, manage, operate or conduct, or assist in so doing, a game of cards, oontz or craps, whereby money or anything of value may be won or lost. Appellant did not plead guilty to the offense charged in the indictment, therefore he did not confess to everything charged therein as did the accused in Johnson v. Com., 254 Ky. 775, 72 S. W. 2d 472; and McGrew v. Com., 308 Ky. 838, 215 S. W. 2d 996. Hence, we are not in accord with the argument of the Commonwealth that appellant in pleading guilty under KRS 436.250 (permitting gaming on his premises) admitted his guilt of setting up and operating a game under KRS

436.230, for which KRS 436.280 provides the gambling paraphernalia may be seized and destroyed and the money or other things staked or exhibited to allure persons to wager may be seized and forfeited for the use of the State.

The Commonwealth argues that as both KRS 436.-230 and KRS 436.280 contain the phrase "machine or contrivance" used for gambling, that the duplicate "numbers slips" found on appellant's premises fall within the term "contrivance used for gambling." Recognizing that the intent of the Legislature was to stop all forms of gambling, this court will give a broad interpretation of the word "contrivance" as used in the two statutes to which reference has just been made. We find other courts likewise construe a gambling device or contrivance to mean any instrument whereby money or things of value are won or lost. Johnson v. State, 101 Ark. 159, 141 S. W. 493, 495; Davies v. Mills Novelty Co., 8 Cir., 70 F. 2d 424, 426; James v. State, 4 Okl. Cr. 587, 112 P. 944, 34 L. R. A., N. S., 515, 140 Am. St. Rep. 693. Therefore, we hold that the duplicate "numbers slips" are a gambling device or contrivance and may be seized and destroyed under KRS 436.280. That statute specifically provides that gambling paraphernalia may be condemned or forfeited though no person is convicted as the setterup or keeper of such machine or contrivance. Hickerson v. Com., 283 Ky. 81, 140 S. W. 2d 841.

Money may be subject to seizure along with gambling devices, when the circumstances make it clearly apparent the money formed an integral part of the illegal gambling operation. But where previous to the seizure, money has been reclaimed or taken back into possession by the player, it cannot be seized. For example, money found in a slot machine, when seized, may be held with the machine and confiscated for the use of the State, because it has passed out of the ownership of the player, who put it in the machine. Likewise, money found lying on a roulette wheel or a dice table may be seized along with such gambling paraphernalia.

The question before us appears to have been decided in Rosen v. Superintendent of Police, 120 Pa. Super. 59, 181 A. 797, 799, where the court said: "Money received for lottery tickets and 'policy' slips and from playing 'numbers,' and held awaiting the drawing of the

lottery, or the determination of the winning number, if earmarked or segregated so as to be identified as part of the gambling operation, may likewise be confiscated as contraband by the authorities along with the gambling instrumentality. Appeal of Joe Curcio, 106 Pa. Super. 53, 161 A. 627. That case illustrates the distinction above made. The money which had been received from the persons who played the 'numbers' game and was being sorted into packages, at the time the place was raided, was properly seized and retained by the police authorities, but other money found in the place, which had been received from the operation of Curcio's billiard tables, and was not identifiable with the illegal lottery, was rightly ordered returned to him.''

But it was not shown that the money in the instant case was used as a stake or as an exhibit to allure persons to wager. The stipulation does not show that the money was used in the game but that it was merely found on the premises. Of the total sum found, $2527.65 was in the possession of appellant who was counting it. The record does not show exactly where the $803.85 was found, except it was on the first floor and in a box. There is nothing in the record to show any connection between these ''numbers slips'' and the money which the officers found on the premises. Under KRS 436.230 and KRS 436.280 money must be used as a stake or an exhibit to allure persons to wager before it may be forfeited.

For the reasons given the judgment is reversed and one will be entered consistent with this opinion.