The People of the State of Illinois, Appellee, v. 123 Punch Boards, Etc., and Harry A. Cassiday, Defendants.
Appeal of Harry A. Cassiday, Appellant.

Gen. No. 10,977.

Second District.
July 20, 1956.
Rehearing denied August 17, 1956.
Released for publication August 17, 1956.

Taylor E. Wilhelm, of Mendota, for appellant.

Latham Castle, Attorney General, State of Illinois, of Springfield, for plaintiff-appellee; Calhoun W. J. Phelps, State's Attorney, of Princeton, Fred G. Leach, and Edwin A. Strugala, Assistant Attorneys General, both of Springfield, and Donald E. Blodgett, Assistant State's Attorney, of Princeton, of counsel.

JUSTICE EOVALDI delivered the opinion of the court.

This case comes to us for decision by transfer from the Supreme Court. The State's Attorney of Bureau County filed a petition in the county court to have certain property declared contraband and to have it destroyed or confiscated. The property consisted of 123 punch boards, two Western Union teletype machines, two pinball machines, $682 and $2,706.99 of United States currency, and $398.89 of negotiable checks or bank drafts. After a hearing, the court ordered part of the property destroyed and the balance confiscated.

The appeal was taken directly to the Supreme Court, presumably on the theory that a constitutional question was involved. Appellant's "Points and Authorities" and "Argument" were confined to the single issue: namely, whether the county court had jurisdiction of the subject matter, relying on the statute which limits the jurisdiction of county courts to cases where the

amount claimed or the value of the property in controversy does not exceed $2,000 (chap. 37, par. 177, Ill. Rev. Stat. 1953). The Supreme Court held that the appeal presented a problem of statutory construction only, and that no constitutional question was involved; and that since this was the sole argument advanced in appellant's original brief, and since new points raised for the first time by reply brief would not be considered, all other allegations of error were deemed waived under Supreme Court Rule 39, Ill. Rev. Stat. 1955, chap. 110, par. 101.39. 8 Ill.2d 520, 134 N.E.2d 763. Rule 7 of the Rules of Practice of the Appellate Courts of Illinois, in effect at the time the case was appealed to the Supreme Court, contained substantially the same provisions as said Supreme Court Rule 39.

■ The General Assembly may by general law confer such jurisdiction upon county courts as it deems advisable, and has seen fit to confer upon county courts jurisdiction to determine the contraband nature of articles lawfully seized and to order their destruction or other disposition. Section 18 of·Article VI of the Constitution of Illinois provides:

"There shall be elected in and for each county, one county judge and one clerk of the county court, whose terms of office shall be four years. . . . County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, in all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, *and such other jurisdiction as may be provided for by general law."* (Emphasis supplied.)

Section 2 of "An Act to prohibit the use of clock, tape, slot or other machines or devices for gambling purposes," approved June 21, 1895 (chap. 38, par. 342, Ill. Rev. Stat. 1953), provides:

"Every clock, tape machine, slot machine or other machine or device for the reception of money on chance or upon the action of which money is staked, hazarded, bet, won or lost is hereby declared a gambling device and shall be subject to seizure, confiscation and destruction *by any municipal or other local authority within whose jurisdiction the same may be found. . . .*" (Emphasis supplied.)

The Supreme Court has held that an enforcement of this section may be had under the general provisions of division VIII of the Criminal Code (chap. 38, pars. 691–699, Ill. Rev. Stat. 1953), which provide for the search, seizure, destruction or other disposition of contraband and other illegally possessed articles. Frost v. People, 193 Ill. 635, 640.

Section 7 of division VIII of the Code (chap. 38, par. 697, Ill. Rev. Stat. 1953) in part provides:

"When an officer in the execution of a search warrant, finds stolen or embezzled property, or seizes any of the other things for which a search is allowed by this act, all the property and things so seized shall be safely kept by direction of the *judge, justice or court,* so long as necessary for the purpose of being produced or used as evidence on any trial. As soon as may be afterwards, all such stolen and embezzled property shall be restored to the owner thereof, and all other things, firearms excepted, seized by virtue of such warrants shall be confiscated and burnt or otherwise destroyed, under the direction of the *judge, justice or court. . . .*" (Emphasis supplied.)

By analogy, it is noteworthy that the General Assembly in Section 185 of division I of the Criminal Code (chap. 38, par. 411, Ill. Rev. Stat. 1953) has provided:

"All sums of money and every other valuable thing drawn as a prize, or as a share of a prize, in any lottery, and all property disposed of, or offered to be dis-

34

posed of, by any chance or device, under the pretext mentioned in section 180 hereof, . . . and all sums of money or other things of value received by any such person, by reason of his being the owner or holder of any ticket or share of a ticket in a lottery or pretended lottery, . . . shall be forfeited, and may be recovered by an *information* filed, or by appropriate civil action, brought by the Attorney General, or the State's Attorney in the proper county, in the name and on behalf of the People of the State of Illinois." (Emphasis supplied.)

In the cases of Hannigan v. Mossler, 44 Ill. App. 117, and Schumann Piano Co. v. Mark, 208 Ill. 282, in suits commenced before justices of the peace under the Forcible Entry and Detainer Act [Ill. Rev. Stats. 1955, ch. 57] the courts held that the jurisdiction of the justice of the peace was not affected by the amount involved, the gist of the action being the right to possession.

Similarly the gist of the instant action is not the value of the articles, goods or currency involved, but is their nature. The case of People v. Moore, 410 Ill. 241, involved an appeal by the State of Illinois from an order of the county court of Madison County granting the defendants' motion (1) to suppress the use as evidence, in a pending criminal prosecution, of certain property seized in a raid by the State police on May 12, 1950, under a search warrant, and (2) ordering the restoration to the defendants of all the property seized, including money in the amount of $18,000. The Supreme Court, on page 248, said:

"The claim of the State that the property is contraband gives it the right to have that claim determined by this court, for otherwise it would be deprived of its right to confiscate and destroy the property, if the property, in fact, is actually contraband. This right was decided by the trial court adversely to the State's

35

claim in the second part of the order wherein the property was ordered returned to the rightful owners."

The court further said, at page 251:

"The State contends that all of the property involved was gaming apparatus or implements used, or kept and provided to be used, in unlawful gaming in a place resorted to for the purpose of unlawful gaming and thereby subject to confiscation and destruction under the provisions of section 7 of division VIII of the Criminal Code. As previously stated, the trial court made no finding as to whether the articles seized were articles so used and thereby subject to search and seizure. Whether much of the property involved is subject to confiscation or not depends upon the nature of its use at the time of the seizure. Although the property in question cannot be used in evidence at the trial of the criminal information because of that part of the trial court's order suppressing the search warrant, the return of the property to the defendants can be ordered only if it is not property subject to confiscation. The trial court having made no finding in reference to that question, we believe that as to the property taken the order of the trial court should be reversed and the cause remanded with directions to the *county court* to determine whether such property is subject to confiscation." (Emphasis supplied.)

 It is therefore apparent that under the general provisions of Ill. Rev. Stat. 1953, chap. 38, pars. 342, 691-699, conferring upon any judge or justice or court the power to determine the contraband nature of certain articles and to order their destruction or other disposition, the county court had jurisdiction in the instant case to order the destruction of the articles found to be gaming devices per se, and of the articles found to have been used as a functional and integral part of the gaming operations, and to further order the confiscation of monies seized in their operation. This

36

conclusion is implicit in the decision of the Supreme Court in People v. Moore, supra. The order and judgment of the county court of Bureau County is correct.

Judgment affirmed.

DOVE, P. J. and CROW, J., concur.