**UNITED STATES of America**

v.

**ONE THOUSAND FIVE HUNDRED AND EIGHT DOLLARS AND FORTY CENTS.**

Civ. No. P–1833.

United States District Court
S. D. Illinois, N. D.
Jan. 22, 1958.

<hr>

John B. Stoddart, Jr., Springfield, Ill., for U. S. A.

Irwin S. Rubelle and Eugene M. Pratt, Peoria, Ill., for Frank Ackerman, libellee.

MERCER, District Judge.

This cause is brought as a libel to forfeit certain property, being money contained in three cigar boxes introduced in evidence as Exhibits 4, 5, and 6, the action being brought under Section 7301 of Title 26 United States Code. At the hearing an amendment was allowed which brought the action under Section 7302.

The evidence submitted by the government was uncontradicted by the respondent. The respondent offered no evidence. The testimony disclosed that certain Special Agents of the Internal Revenue Bureau went to the Smoke House, a restaurant and poolroom in Galesburg, Illinois, where one of them placed a bet on the outcome of a horse race, the bet being made on the 29th day of April, 1955, said bet being placed with the respondent, Ackerman. The agent who had placed the bet returned to said Smoke House on the 2d day of May, 1955, at which time one Everett Wright paid off the wager out of monies contained in the cigar box offered as Exhibit 6. The testimony further discloses that in the back room of the business establishment known as the Smoke House, there was a closet or small room being about 4 feet by 6 feet, the room being partitioned off of a larger room. The room contained a ledge about desk-high and on the ledge was placed one of the cigar boxes, being Exhibit 6, and, as suggested above, the box from which the wager was paid off in money. The revenue agent inquired of Wright as to whether he had the United States revenue stamp for bookmaking, and being advised that he had no stamp, the special agent identified himself, placed Wright under arrest and proceeded to search the small room above described. The box introduced as Exhibit 6 was taken to a table in the adjoining room where another special agent inventoried it in the presence of Wright and the first agent went back to the smaller room, found two more cigar boxes identified as Exhibits 4 and 5, which had been standing on the higher ledge in the same small room. The evidence further discloses the significant fact that gambling records, being Exhibits 7, 8, and 9, were found in all of the three cigar boxes. The respondent

offered no testimony and it is his position that under the applicable statutes relied upon by the government, the contents of all of the Exhibits are not subject to forfeiture.

Section 7302, Title 26 United States Code, among other things, provides as follows:

"It shall be unlawful to have or possess any property intended for use in violating the provisions of the Internal Revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property."

■ The principal question involved herein is whether money used in the operation of an illegal wagering business because of failure to pay required federal tax is subject to forfeiture under Section 7302, Title 26 United States Code. If the money involved herein was not property intended for use in violating provisions of the Internal Revenue Laws, then forfeiture would not lie; therefore, it seems to this Court that this case involves the determination of the question of fact as to whether the money was intended for use in violating the provisions of the Internal Revenue Laws.

A review of the Illinois authorities dictates a conclusion that money as such is not ordinarily an article of contraband. It may, however, be such when it constitutes a functional integral part of a gambling operation. Does the money involved herein constitute a functional integral part of a gambling operation? The Court considers that it does.

■ There can be little question that the money in all three cigar boxes was used by the respondent in his illegal operation as a book and on that basis is subject to forfeiture. The evidence clearly establishes that the entire $1,508.40 was used in operating a book. The betting operations were conducted in the closet or small 4 feet x 6 feet room in the rear room of the claimant's place of business. The furnishings in this small room all related to the operation of the book, including a telephone, betting slips, records, and the money. The records of the daily receipts were found in all three boxes and the Court cannot escape the conclusion that all of the money used was for the operation of an illegal bookmaking business and therefore subject to forfeiture under the provisions of Section 7302 of the Internal Revenue Code of 1954. The Court does not wish to leave the impression that had the money been found outside of the small closet that it would be subject to forfeiture; had this been the situation the government would have been under a higher degree of proof. A forfeiture proceeding such as this is civil in nature and the libelant needs only to prove its case by a preponderance of the evidence. The government's evidence was substantial but in view of claimant's failure to explain the presence of the money in the closet, this Court can only properly find the facts to be such as the libelant's evidence clearly indicates.

■ The respondent herein contends that under the Illinois law the money involved herein could not be forfeited. The Court is of the opinion that forfeitures, under Section 7302 of the Internal Revenue Code, are governed by Federal law and Illinois case law on the forfeiture of money is but persuasive. However, the Illinois Supreme Court in 1951 held that money seized in a raid on a gambling house could be forfeited. People v. Moore, 410 Ill. 241, 102 N.E.2d 146. See also: People v. 123 Punchboards, 11 Ill. App.2d 31, 135 N.E.2d 820. It is apparent that the law in Illinois would subject the money here involved to forfeiture.

It is the finding of the Court that the $1,508.40 was used in the operation of an illegal bookmaking business and therefore subject to forfeiture under the provisions of Section 7302 of the Internal Revenue Code of 1954, and it is so ordered.

It is ordered that the issues be found in favor of the libelant herein and said money is hereby declared forfeited.