**UNITED STATES of America,**
**Appellant,**

v.

**Harris LEVESON, Jr., Claimant of**
**$16,833.00, Appellee.**

**No. 17103.**

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1959.

David C. Clark, Jr. and O. B. Cline, Jr., Asst. U. S. Attys., James L. Guilmartin, U. S. Atty. for the Southern Dist. of Florida, Miami, Fla., for appellant.

Murray Goodman, Ben Cohen, Miami Beach, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal presents the question whether the trial court erred in finding that the United States had failed to prove by a preponderance of the evidence that a sum of money seized on the premises of the appellee's betting establishment (which was admittedly operated in violation of the internal revenue laws) was property either intended for use in violating the internal revenue laws, or was being used in violating such laws at the time of its seizure, or had been used in violating them.[1] We find that the court did err in making this finding, and we therefore decide that the court's conclusion that the money was not subject to forfeiture pursuant to Section 7302 of the Internal Revenue Code of 1954, 26 U.S.C. § 7302, is erroneous.

Claimant Leveson operated an illegal betting establishment in a room in the rear of a building which housed a cigar store in a front room. There is no evidence that he had any interest in the store or its operation. This gambling operation handled about $1,500 daily, a substantial amount, if not all of which, was strictly in the form of cash. An internal revenue agent, Albert W. Shellan, visited the place eleven times during a two-month period. He placed bets in the form of cash and received payment in cash when he won. On these occasions he dealt with Leveson, as well as others.

When internal revenue agents made the raid which resulted in the seizure of the $16,833 which is the subject of this action, Shellan was in the back room collecting the proceeds of a bet from Leveson or one of his confederates. He testified that someone in the front of the premises shouted something, whereupon Leveson and another person ran to a small room adjacent to the room in which the gambling operations transpired. In the smaller room there were some filing cabinets and a safe. Shellan testified that he was "not sure whether that safe was in my view, but I could hear tumblers clicking." Leveson and the person with him escaped, and when the members of the raiding party examined the safe, they found it was locked. When it was later opened, the safe yielded cash in the amount of $16,833.

Appellant contends, and we agree, that these facts establish a prima facie case for forfeiture of the money. Considering the nature of the betting establishment and its need for considerable amounts of cash, plus the conduct of claimant and the location of the safe, it is clear that the United States has made a prima facie showing that at least a portion of the money in the safe was at the time of the seizure intended for use in claimant Leveson's illegal gambling operations. Under these circumstances the claimant's failure to testify or to otherwise attempt to explain away the suspicious circumstances surrounding the money may be taken as further evidence of the money's guilt. See Williams v. United States, 5 Cir., 199 F.2d 921; Kent v. United States, 5 Cir., 157 F.2d 1, certiorari denied 329 U.S. 785, 67 S. Ct. 297, 91 L.Ed. 673. Moreover, by such failure to introduce evidence or testify, he failed to provide any basis upon which the court could segregate any of the money which was not intended for use in his betting operations.

---

1. The applicable statute provides in part: "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations proscribed under such laws, or which has been so used, and no property rights shall exist in any such property." Internal Revenue Code of 1954, § 7302, 26 U.S.C. § 7302.

▮ The facts in this case have been clearly established by stipulations of the parties and by uncontradicted testimony. For this reason the trial court's finding that the money was not intended for illegal use is subject to review free of the restraint of the so-called "clearly erroneous rule." See Riedel v. Commissioner, 5 Cir., 261 F.2d 371; Galena Oaks Corp. v. Scofield, 5 Cir., 218 F.2d 217, 219. However, even if we test the trial court's finding in this case by the "clearly erroneous rule" we conclude that it is unsupported by the record and cannot stand. Once the government made a prima facie case, it was entitled to prevail unless countervailing evidence was offered. None was offered. We find that the only conclusion which can reasonably be drawn from this record is that at the time of its seizure the money in claimant's safe was intended for use in violation of the internal revenue laws.

▮ Claimant Leveson has presented an alternative ground for affirming the lower court's decision. He has cited several authorities [2] for the proposition that property seized in raids on gambling establishments is only forfeitable if it is an integral part of the gambling operations and is not forfeitable if it has been removed from the operations and reduced to the gamblers' exclusive possession prior to the time of its seizure. Without passing upon the correctness of this statement of law or deciding if it could be applied in a case involving the statute authorizing seizure and forfeiture of "any property intended for use in violating the provisions of the internal revenue laws," [3] we hold that the property seized in this case had not been withdrawn from appellant's illegal betting operations and it was therefore subject to forfeiture to the United States.[4]

The judgment of the District Court is reversed and the case remanded for entry of judgment in favor of appellant.

---

2. Gilley v. Commonwealth, 312 Ky. 584, 585, 229 S.W.2d 60, 19 A.L.R.2d 1224; Connelly v. Weber, 182 Pa.Super. 187, 126 A.2d 474; United States v. Jenello, 3 Cir., 102 F.2d 587; United States v. One Ford Station Wagon, etc., D.C., 24 F.Supp. 350; United States v. One Cigarette Machine, D.C., 1 F.Supp. 913; 24 Am.Jur. 1958 Supp. 50; 38 C.J.S. Gaming § 78, p. 136.

3. Internal Revenue Code of 1954 § 7302, 26 U.S.C. § 7302.

4. See United States v. One Thousand Five Hundred and Eight Dollars and Forty Cents, D.C.S.D.Ill., 158 F.Supp. 916.