# Watts v. Brothers, District Attorney

Before Carr, P. J., Morrow and Cottom, JJ.

*Ray, Coldren & Buck* for petitioner.

MORROW, J., December 31, 1947.—This matter comes before the court on a petition by Alfred Watts, presented June 12, 1947, reciting, inter alia, that he lives

at Keego Harbor, Michigan; that on or about May 3, 1946, his automobile, a 1942 Pontiac Coupe, serial no. P6KB1603, was stolen; that it is now in the possession of the District Attorney of Fayette County, Pa., having been used as evidence in the prosecution of one John Holly for offenses involving said automobile; that defendant has been convicted and sentenced, but that said officer refuses to have said automobile returned to petitioner until he first pays the costs of the prosecution and the storage charges for keeping the automobile, which payments petitioner contends he should not be required to make.

A rule was requested and granted requiring the district attorney to show cause why the automobile should not be delivered to petitioner free from the payments demanded. The foregoing recitals are admitted and the following additional facts are not disputed.

Defendant Holly was convicted in our court of oyer and terminer at no. 25/156, September term, 1946, on all four counts in an indictment charging:

1. That he removed or transferred the engine number or manufacturer's serial number of said automobile without a license to do so.

2. That he sold said automobile on which the said numbers had been illegally altered.

3. That he brought or assisted in bringing into Pennsylvania said automobile knowing or having reasonable cause to know it had been stolen in another State.

4. That he did receive and have in his possession said automobile knowing the same to have been stolen.

On April 1, 1947, defendant was sentenced to pay the costs of prosecution, a fine of one dollar, and undergo a term of imprisonment.

The recovery of the automobile and the conviction of defendant were the result of an investigation made by the police authorities of Pennsylvania. Petitioner did not know of defendant's possession of the automobile

and in no way consented thereto. The costs of prosecution as taxed of record amount to $154.55, representing costs incurred by Fayette County in connection with said case. Storage charges in the additional sum of $60 had accrued on August 22, 1947, and continue to accrue at the rate of $5 monthly.

The district attorney asks that the rule granted on him as aforesaid be discharged and that the automobile remain in custody until the storage charges and costs of prosecution have been paid. He cites clause (*a*) of section 305 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §65, reading as follows:

"It shall be the duty of every peace officer having knowledge of a motor vehicle, trailer, or semi-trailer on which the engine number or manufacturer's number has been destroyed, removed, covered, altered, or defaced, to immediately seize and take possession of such motor vehicle, trailer, or semi-trailer, and arrest or file information for the arrest of the supposed owner or custodian thereof. It shall be the duty of the court to retain in custody the seized motor vehicle, trailer, or semi-trailer, pending prosecution of the person arrested, and in case such person shall be guilty, said motor vehicle, trailer, or semi-trailer shall remain in the custody of the court until the fine and costs of prosecution shall be paid: Provided, however, if ninety (90) days have elapsed after judgment has been rendered, and such fine and costs have not been paid, the court shall proceed to advertise and sell said motor vehicle, trailer, or semi-trailer in the manner provided by law for the sale of personal property under execution.

"The proceeds from such sale shall be used to pay the fine and costs of prosecution, and the balance, if any, shall be forwarded to the department, and same shall be transmitted to the State Treasury and credited to the 'Motor License Fund.'"

And reference is made to the case of Commonwealth v. One 1939 Cadillac Sedan et al., 158 Pa. Superior Ct. 392. In this case it was held: "A vehicle which has been used for the illegal transportation of liquor is subject to seizure whoever the owner may be and whether or not he had knowledge that the vehicle was used for illegal purposes." The opinion of the Superior Court was filed January 18, 1946. We quote therefrom on page 397:

"It follows that the lack of knowledge by the appellant that the automobile was used for illegal purposes is immaterial. In Commonwealth v. One Dodge Sedan, supra, we held that it was mandatory on the part of the court, regardless of whether the unlawful use of the automobile in question was known to, or authorized by, the intervenor or bailor, to decree its forfeiture and condemnation. . . ."

It will be observed that this case involved the forfeiture and condemnation of an automobile based on a law differing materially from The Vehicle Code, supra, giving a lien on the automobile for the costs as demanded in the instant case. That decision was pursuant to the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 1804, 47 PS §744-611, clause (*a*) of which reads in part:

"No property rights shall exist in any . . . vehicle . . . used in the . . . illegal transportation of liquor . . . and the same shall be deemed contraband and shall be forfeited to the Commonwealth. No such property, when in the custody of the law, shall be seized or taken therefrom on any writ of replevin or like process."

The opinion of the Superior Court in the case cited is helpful here in that it seems to answer the contention that giving effect to the portion of The Vehicle Code, quoted above, as concerns an owner having no knowledge that his automobile was being used for illegal purposes, would constitute a violation of the fourteenth

amendment to the Constitution of the United States. The innocent owner has 90 days after judgment within which to make the required payments. Clause (*b*) of said act provides that if ownership is not established to the satisfaction of the court, then the vehicle shall be confiscated by the court and sold immediately. The provisions of this act are more favorable to the innocent owner than are the provisions of the act above recited governing forfeiture for illegal transportation of liquor. And as concerns the latter act our Superior Court in the case cited has made a ruling that is controlling for this court. In that case the Superior Court points out that in the act "No reference whatever is made to the alleged right of anyone claiming ownership and ignorance of the illegal use of a seized vehicle." The same may be said as to The Vehicle Act, supra, except the provision mentioned allowing 90 days for making the required payment where ownership is established. A still later case to the same effect as Commonwealth v. One 1939 Cadillac Sedan et al., supra, is Commonwealth v. One 1940 Chevrolet Station Wagon, 159 Pa. Superior Ct. 615.

Returning now to section 305 of The Vehicle Code, as amended, supra, we note its mandatory language that "it *shall* be the duty of the court to retain in custoday the seized motor vehicle . . ., pending prosecution of the person arrested, and in case such person shall be guilty, said motor vehicle . . . *shall* remain in the custody of the court until the fine and costs of prosecution shall be paid:". It would seem to be our duty to obey this plain mandate of the law until and unless otherwise directed by a ruling of an appellate court.

It may be observed that no authority has been pointed out for disposing of this matter on a petition in our criminal court for a rule to show cause as appears herein. It is true that the district attorney has agreed that he has custody of the automobile and is

holding it for the payment of the costs of prosecution and storage charges. The storage charges would appear to be a part of the legitimate costs of prosecution. The automobile seized while in use in the doing of an illegal act was properly taken into custody by him as an agent of law enforcement. The duty of preserving the automobile was incumbent on him and such charges as were incurred in storing the automobile were necessarily incident to the costs of prosecution. No good reason has been shown for burdening Fayette County with expenses necessarily and legitimately incurred in conserving the automobile for the owner in the manner and to the extent provided by the law above recited. It is our conclusion that the rule should be discharged.

### Order

And now, December 31, 1947, after consideration, it is ordered that the rule granted in this matter on the district attorney under date of June 12, 1947, be and it is hereby discharged.