## Commonwealth *v.* Sinn, Appellant.

*Criminal law—Permitting premises to be used for gambling—Evidence—Sufficiency.*

On the trial of the indictment for permitting persons to assemble for the purpose of gambling, the evidence is sufficient to sustain a conviction, where testimony was produced by the Commonwealth that the property was leased by the defendant, that gambling devices were found in the rooms, and where the only defense was that the rooms were the property of a club, and the evidence in support thereof was vague and indefinite.

Argued December 10, 1923. Appeal, No. 332, Oct. T., 1923, by defendant, from the judgment of Q. S. Phila. Co., Sept. T., 1923, No. 488, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Frederick Sinn. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for permitting persons to assemble for the purpose of gambling.   Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was refusal to direct a verdict in favor of the defendant.

*Francis Shunk Brown,* and with him *Thomas E. Cogan,* for appellant.

*Eugene V. Alessandroni,* Assistant District Attorney, for appellee.

PER CURIAM, February 29, 1924:

Appellant was found guilty on a count charging that, contrary to the Crimes Act of 1860, section 55, P. L. 397, he had permitted persons to assemble for the purpose of gambling, in a room in his possession and control. He complains of the refusal to direct an acquittal, and therefore now contends only that the evidence is insufficient to sustain a conviction. In disposing of that contention, we must give effect to the oral evidence tending to support the verdict of the jury, (we consider the evidence sufficient) and lay aside all appellant's evidence that might tend to destroy the verdict, for, of course, the jury must find the facts; we merely decide, whether on those facts, the law has been properly applied.

Appellant was lessee of several rooms on the second floor of 1702 North Broad Street, Philadelphia. He did not live there. At 1:30 a. m., July 28, 1923, six central station detectives raided the place. Their entry caused "a wild scramble" among thirty-eight men then there, some of whom were engaged in gambling with dice and cards. The largest room contained a pool table and several small tables, around which the men were gambling.

Some of the gambling apparatus and money from the tables was seized and brought into court. The place contained two smaller rooms; there were three telephones, which were in appellant's name. He was not present when the raid took place, and said he had not been there for some time. He admitted he had paid a month's rent and had given a judgment note for $1,000 as security for eleven months' rent. The lease recited an understanding that he was "one of an organization which is obtaining a charter for a club, and upon the charter being granted this lease may be assigned by the lessee to said club......" A charter for a 47th Ward Republican Club was produced; and while neither lease nor charter were printed in the record, it was stated in the oral argument that this charter antedated the lease,—a fact which may have had significance with the jury. There was evidence from which the jury might have found that the place was occupied by that club. Appellant said he was a member of the club "something like six or eight months." Another member, taken in the raid, was asked "who was running the club" and answered that he did not know who ran it, though he knew it was a club. Appellant said the club had members numbering "a hundred and something"; each for a time paid fifty cents a month and afterwards $1 a month. Thirty dollars a month was paid to a janitor; and in addition there was payable at least the rent and the telephone bills, incurred in appellant's name.

Whether appellant's obligations and responsibilities had passed to the club was for the jury; the evidence on that subject was vague and obviously unconvincing, and the jury doubtless concluded that the club element in the defense was mere subterfuge, to conceal the real nature of the occupancy, and that, in fact, appellant, who said his business was "dealing in real estate," was the lessee in control and possession in circumstances in which he knew what was going on in his leasehold. The jury acted within its power, and we may not interfere.

Judgment affirmed.