## Commonwealth, Appellant, *v.* One 1940 Chevrolet Station Wagon.

616

Argued October 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edmund P. Hannum,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Nelson J. Leidner,* with him *Leidner & Leidner,* for appellee.

OPINION BY BALDRIGE, P. J., November 18, 1946:

This appeal by the commonwealth is from the refusal of the court below to grant its petition for forfeiture of a 1940 Chevrolet Station Wagon, a motor vehicle used in the illegal transportation of liquor. The vehicle, when seized by enforcement officers about 7:00 p.m. on October 27, 1945, on Ridge Avenue, Philadelphia, was in the possession of Winthrop Allen, who said he was in the employ of "Mr. and Mrs. Gunnis." Mr. Gunnis is engaged in the restaurant business in Philadelphia and is a holder of a liquor license. His wife, Anna M. Gunnis, is the reputed owner of the seized vehicle.

It is not disputed that the vehicle was unlawfully used in violation of the Liquor Control Act at the time of seizure. Allen, who was using the car with the owner's consent when seized, testified that he purchased, from a man he met in a diner in Blackwood, New Jersey, whose name he did not know, 24 pint bottles of "Old Taylor" whiskey, which did not have the required Pennsylvania Revenue Stamps thereon: that it was bought on credit as he had no money with him, but a promise to pay in the future satisfied the seller. Allen added to his incredible story that his illegal purchase of the 12 quarts of liquor on October 27, 1945, was made with the intention of giving a party during the holiday season.

The court below refused the commonwealth's petition on the ground that Mrs. Gunnis, the reputed owner, had no knowledge of her employe's illegal use of the vehicle and was not negligent in entrusting it to him.

The commonwealth's petition should have been granted.

Section 611 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended, by the Act of 1937, June 16, P. L. 1762, 47 PS 744-611 provides: "(d) (i) The proceedings for the forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant—(5) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (I) that he is the owner of said property, (II) that he lawfully acquired the same, and (III) that it was not unlawfully used or possessed." The same section of the Act further provides as follows: "In the event such claimant shall prove by competent evidence to the satisfaction of the court that said liquor, . . . vehicle . . . was lawfully acquired, possessed and used, then the court may order the same returned or delivered to the claimant: but, if it appears that the property was unlawfully

used it shall be destroyed or be turned over to the board (as the case may be) as hereinabove provided."

The claimant's contention that the purchase of the whiskey by her servant for his own purpose, in violation of the Liquor Laws, took him out of the course of his employment and entitled her to recover the vehicle in the face of the violation, is entirely without merit. In *Commonwealth v. One Dodge Sedan,* 141 Pa. Superior Ct. 34, 14 A. 2d 600, we held that it was mandatory on the part of the court, regardless of whether the unlawful use of the automobile in question was known to, or authorized by, the intervenor or bailor, to decree its forfeiture and condemnation. This court speaking through the late President Judge KELLER, there said, p. 40 : "Knowing the evils which can result from the violation of these salutary laws, it is not for courts to refuse to carry their punitive provisions into effect, on the ground of their harshness. Any alleviation of their penalties is a matter for the legislature, not the courts." In *Commonwealth v. One 1939 Cadillac Sedan,* 158 Pa. Superior Ct. 392, 45 A. 2d 406, where the car was seized some days after its unlawful use, we held that the lack of knowledge by the owner of an automobile used for illegal purposes is immaterial. At p. 397 we directed attention to the 1933 Act, supra, which provided "that any person claiming ownership, or right of possession, to any seized vehicle, could at any time before its sale present a petition to the court and claim ownership or right of possession and if he proved to the satisfaction of the court that the vehicle was used in violation of law by a person other than claimant and without his knowledge or consent, the court could order the same returned or delivered to the claimant", and noted that portion of the 1933 Act was omitted in the reënacted and amended Act of 1937, supra. Under its terms when a vehicle is seized and condemned it shall be delivered to the board and sold. No rights are reserved to anyone claiming ownership and ignorance of the illegal use of the seized vehicle.

The appellee argues that the omission in the Act of 1937, supra, "did not have the effect of eliminating from the present law the operative qualifications in the earlier Act of 1933", citing section 73, article 5 of the Statutory Construction Act of 1937, May 28, P. L. 1019, 46 PS 573. That section simply provides that the original law and the amendment shall be merged and that they shall be read together.

She asks us in effect to disregard the terms of the Act of 1937, so clearly expressed that no reasonable doubt can be entertained as to the legislature's intention. This we cannot do. No other interpretation can reasonably be given to the present law than a vehicle used in illegal transportation is subject to seizure.

The appellee further asserts that under section 611 (b) of the 1937 Act 47 PS, 744-611 (b) the court was not required to order the sale of the seized vehicle as that section provides that any "liquor, alcohol or property so used in the illegal manufacture or transportation of liquor, or alcohol shall be adjudged forfeited and condemned, and shall be disposed of as hereinafter provided, *unless the court shall otherwise order . . .*" (Italics supplied). That section further provides that seized liquor, alcohol, malt or brewed beverage may be delivered to a hospital. It is that class of property that is referred to in the part of the section italicized. This is made clear as it is further stated that a seized vehicle, container, boat etc. "shall be disposed of as hereinafter provided". Then follows sub-section (3) which provides that any seized vehicle, container, boat etc. "shall be delivered to the board for its use, or for sale or disposition by the board in its discretion".

The order is reversed, and the record is remitted to the court below with directions to enter an order of forfeiture, as prayed in the petition of the Liquor Control Board. Costs to be paid by the appellee.