Commonwealth, Appellant, *v.* DiOrio et al.

Argued November 18, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Karl W. Johnson,* Assistant District Attorney, with him *C. William Kraft, Jr.,* District Attorney, for appellant.

*Paul C. VanDyke,* with him *James A. Cochrane,* for appellees.

OPINION BY BALDRIGE, P. J., December 11, 1946:

The question for determination is whether a 1941 Chrysler Tudor sedan, used at the time of the seizure by

the owner, Michael E. DiOrio, an operator of a numbers game, to pick up number plays, is subject to forfeiture as a "device or apparatus" under section 59, or "any device or machine of any kind, character or description whatever, used and employed for the purpose of unlawful gaming" under section 60 of the Act of March 31, 1860, P. L. 382, 18 PS §§1444, 1445.

DiOrio pleaded guilty to the charges of conspiracy to establish an illegal lottery, traffic in lottery tickets and lotteries. The majority of the learned court below (MacDade, P. J., dissenting) refused the commonwealth's petition for the forfeiture of this automobile, holding that it was not such a gambling device or apparatus under either section 59 or 60. We think this appeal is largely controlled by *American Telephone and Telegraph Company's Appeal,* 126 Pa. Superior Ct. 533, 191 A. 210, where we held that a seized teletype machine, used to furnish or to obtain information used in gambling, was not such a device, apparatus or machine as to be subject to forfeiture. Our former President Judge KELLER, in an exhaustive opinion, in discussing these two sections, said, p. 535, that the words "gaming table, device or apparatus" in section 59 and "any device or machine of any kind . . . used . . . for the purpose of unlawful gaming" in section 60 must be construed in connection with the specific gambling devices mentioned in section 55, which reads as follows: "Any game or device of address or hazard, with cards, dice, billiard balls, shuffle boards, or any other instrument, article or thing whatsoever, heretofore or which hereafter may be invented, used or employed, at which money or other valuable thing may or shall be played for, or staked or betted upon. . . ." He pointed out that while the legislature probably could enact that a machine, knowingly used to furnish or obtain information to be used in gambling, may be seized or forfeited, *along with*

actual gambling devices used, it has not yet done so. Information may be furnished, sent or received by telegraph, telephone, automobile and other instrumentalities for use in gambling operations, but they are not subject under our present laws to seizure. The device, apparatus, etc., mentioned in sections 59 and 60 are limited and restricted to those used and employed in gambling.

This automobile undoubtedly facilitated gambling, as a telephone may and as did the teletype machine in the *American Telephone and Telegraph Company's Appeal*, supra. It is not, however, in its primary use, a gambling device or apparatus in the sense that roulette wheels, slot machines, etc., are. Nor did its use determine a winner any more than an instrument used in the transmission of messages.

The appellant relies largely upon cases holding that money, when it forms an integral part of a gambling transaction, may be subject to forfeiture, citing *Rosen v. Superintendent of Police LeStrange et al.*, 120 Pa. Superior Ct. 59, 181 A. 797; *Fairmount Engine Co. v. Montgomery County*, 135 Pa. Superior Ct. 367, 5 A. 2d 419; and *Commonwealth v. Petrillo*, 158 Pa. Superior Ct. 354, 45 A. 2d 404. In those cases we stated that money ordinarily is not an instrument of gambling, but it may be under certain circumstances, for instance, in betting on the toss of a coin, but usually it is a stake or profit rather than an instrumentality, device, or apparatus used for that purpose; but that money may be subject to seizure, along with contraband gambling devices, apparatus, or instruments, when it is clearly apparent it "formed an integral part of the illegal gambling operation. . . ." The automobile was not used or employed in the sense that money may be used. It was not to be staked, won or lost as the direct result of its employment or operation.

The cases relied upon are not in point. Nor are cases upholding the forfeiture of automobiles used in the illegal transportation of alcoholic beverages helpful to appellant as they come under specific statutory authority. See Liquor Control Act of 1933, as amended, 47 PS §744-611; *Commonwealth v. One 1940 Chevrolet Station Wagon,* 159 Pa. Superior Ct. 615, 49 A. 2d 531.

The decree of the court below, holding that the automobile was unlawfully taken from defendant, is affirmed at appellant's costs.