## Commonwealth v. Schilbe

*Frederick O. Brubaker*, District Attorney, and *Peter F. Cianci*, Assistant District Attorney, for petitioner.

*Mark C. McQuillen* and *Norman E. Dettra, Jr.*, contra.

READINGER, J., July 7, 1961.—This matter is before the court, following a hearing, upon the petition of Frederick O. Brubaker, District Attorney of Berks County, seeking the forfeiture of various items of photographic equipment, a brief case and obscene pictures.

An answer to said petition was filed by Carl Schilbe, administrator of the estate of the said William J. Schilbe, requesting that the petition be dismissed and that an order be made awarding the seized articles to the said Carl Schilbe as administrator.

At the hearing, counsel for the administrator stipulated and agreed that all of the seized pictures and film negatives should be confiscated and destroyed, but contended that the brief case and photographic equipment should not be forfeited and should be turned over to the administrator.

Upon consideration of the testimony, the court finds the following facts:

1. That on January 10, 1961, at Reading, Pa., a Pennsylvania State Trooper and a Pottsville detective searched a certain 1960 Cadillac automobile owned by William J. Schilbe and removed from the trunk thereof a leather brief case.

2. That on January 11th this brief case was opened and there was found therein 326 photographs, plus negatives, of girls in nude and semi-nude postures.

3. On January 12th, a warrant for the arrest of William J. Schilbe was issued by a Pottsville alderman for possessing obscene pictures under the provisions of the Act of July 17, 1957, P. L. 972, sec. 1, as amended, 18 PS §4524.

4. On January 30th, the apartment of William J. Schilbe at 510 Elm Street, Reading, was entered by said officers and a camera and certain accessories as set forth on schedule "A" of the district attorney's petition, were seized.

5. Said camera and accessories are now in the custody of Chief County Detective Edward J. Strickland of Berks County.

6. On said date, January 30th, at the request of the District Attorney of Berks County, a warrant for the arrest of William J. Schilbe was issued by an alderman of the City of Reading.

7. Thereafter, on February 11, 1961, the said William J. Schilbe died before any hearing was held by either the Pottsville or Reading alderman.

8. The camera and accessories, which are the subject of these proceedings, were used by the said William J. Schilbe in the taking of some of the said obscene pictures.

The petition of the district attorney raises a somewhat novel question, namely, whether a court of quarter sessions can order the forfeiture of a camera and accessories thereto, because the owner thereof has used said camera for the purpose of taking obscene pictures.

The district attorney contends that the court has the power to do so and advances some rather ingenious arguments in support of this contention.

These arguments proceed as follows: (a) that the Act of May 12, 1897, P. L. 63, sec. 3, 18 PS §783, provides for the search and seizure of any of the articles specified in the provision of The Penal Code of June 24,

1939, P. L. 872, 18 PS §4525, the statute dealing with obscene literature, photographs, etc.; (b) that the taking of obscene pictures is, under the terms of 18 PS §4524, a felony; (c) that the Statutory Construction Act of May 28, 1937, P. L. 1019, Article IV, sec. 51, 46 PS §522, provides that the ". . . Legislature does not intend a result that is absurd, impossible of execution or unreasonable;" and, that it ". . . intends to favor the public interest as against any private interest"; (d) that the reasonable interpretation of the Act of May 12, 1897, supra, is that the articles essential to accomplishment of the various acts referred to therein are within its purview. The argument then concludes that since the obscene pictures may be seized and destroyed, the camera used in the process of taking such pictures becomes subject to forfeiture.

While we are inclined to believe that this should be the law, we conclude that it is not.

Both of the cases cited by the Commonwealth to support its contention, to wit, Commonwealth v. Handmore, 60 Dauph. 416, and Commonwealth v. Parenti, 27 Lehigh 338, deal with gambling devices, are covered by sections 59 and 60 of the Act of March 31, 1860, P. L. 382, and are not applicable to the present case.

It is our opinion that the instant case is controlled by the Superior Court rulings in American Telephone and Telegraph Company's Appeal, 126 Pa. Superior Ct. 533; Commonwealth v. DiOrio, 159 Pa. Superior Ct. 641, and Commonwealth v. Blythe, 178 Pa. Superior Ct. 575. The court in American T. and T. Company's Appeal held that a teletype machine used knowingly in connection with a gambling operation was not subject to forfeiture. In its opinion, the court makes the following statement, which is apropos to the instant case:

"If the legislature sees fit to enact that a machine or instrument knowingly used to furnish or obtain in-

formation to be used in gambling, may be seized, forfeited and condemned along with actual gambling devices so used, etc. it may, perhaps, do so, under the police power, but such authority cannot be inferred from an act merely authorizing the seizure and destruction of gambling devices and apparatus. Information of this kind may be furnished, sent or received by telegraph, telephone, radio, printing press and newspaper, United States mail, express, private messenger, automobile, and other means. While the information so obtained may be used or employed in connection with gambling operations, the means or instrument by which the information is given or received is not within section 59 or 60 of our Criminal Code. They are limited and restricted to such devices, apparatus, etc. as are used and employed for gambling, in the sense that in using them money, etc. is staked, wagered, won or lost as a direct result of their employment or operation." And also the following: "However desirable it may be to stamp out the gambling evil—and we are in full accord with the purpose—we cannot extend the provisions of the Criminal Code respecting it beyond their plain and clearly intended meaning. The court can probably make the enforcement of the act more effective in cases like this one, where the instrument employed as the means of securing information used in gambling is not subject to forfeiture, by a severer penalty on the convicted gambler."

And see Commonwealth v. DiOrio, and Commonwealth v. Blythe, supra, in which the American T. and T. Company's decision was followed.

Obviously, in the absence of any statute providing for the forfeiture of a camera and its accessories used for the purpose of taking obscene pictures, there is no authority to do so. The district attorney overlooks the fact that there is a vast difference between seizing

an article and holding it for evidentiary purposes, and the forfeiture of said article.

We see no purpose in discussing the arguments advanced by counsel for the claimant relative to the matter of jurisdiction of this court to decide the question of forfeiture. The above-cited Superior Court cases clearly indicate that we have jurisdiction.

For the foregoing reasons, we enter the following

## Order

And now, July 7, 1961, the district attorney is ordered to destroy all of the seized pictures and film negatives and to turn over to Carl Schilbe, administrator of the estate of William J. Schilbe, the brief case, camera and accessories thereto as set forth on schedule "A" of the district attorney's petition.

## Supplemental Opinion

READINGER, J., July 20, 1961.—On July 7, 1961, the court handed down an opinion and order in this matter directing the district attorney of Berks County to turn over to the administrator of the estate of William J. Schilbe, a certain camera and accessories which had been seized.

Shortly thereafter, the district attorney presented to the court his petition to make an additional finding of fact relative to the issuance of a search warrant to search premises 510 Elm Street, Reading, the place where said camera and equipment had been seized.

Pursuant to said petition after notice to counsel for administrator of said estate, a hearing was held on July 19, 1961, at which time Edward J. Strickland, Chief County Detective of Berks County, testified that he, together with other officers, pursuant to a search warrant duly issued by Alderman Mahlon E. Shapiro of Reading, had entered the apartment of William J. Schilbe at 510 Elm Street, Reading, and while there took into his possession the said camera and equipment.

This testimony was not contradicted by any counter-testimony.

The court, therefore, amends its previous opinion by adding the following findings of fact:

9. On January 30, 1961, the apartment of William J. Schilbe at 510 Elm Street, Reading, was entered by Chief County Detective Edward J. Strickland, and other officers, pursuant to a search warrant properly issued upon his request by Alderman Mahlon E. Shapiro of the City of Reading, at which time the camera and certain accessories as set forth on schedule "A" of the district attorney's petition, were seized.

In all other respects, the opinion and order of July 7, 1961, shall remain as heretofore.