479 A.2d 1063

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey Mel WEISMAN, Appellant.**

Superior Court of Pennsylvania.

Argued April 4, 1984.

Filed Aug. 10, 1984.

Petition for Allowance of Appeal Denied Jan. 16, 1985.

Joshua D. Lock, Harrisburg, for appellant.

Roy A. Keefer, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Adams County.

In November of 1981, Gettysburg was the site of a coin show. Among those attending the show was a coin dealer from Baltimore named Richard Gross. Also attending the show was appellant, Jeffrey Weisman, who "whether by talent, training, calculation, computation, [or] prestadigitation [sic] ... had the ability to accurately and invariably predict the outcome of a coin toss." Brief for Appellant at 4.

On November 21, 1981, appellant was demonstrating his unusual talent to a group of coin dealers. Mr. Gross was fascinated and he joined in with some other on-lookers who were wagering that appellant could not maintain his accurate predictions. Despite the odds and the laws of probability, and unfortunately for Mr. Gross, appellant continued to accurately predict the outcome of the coin tosses. Mr. Gross proceeded to lose $6,900.00 in less than three hours, despite the fact that he [Mr. Gross] usually provided the coins tossed and either tossed them himself or had some other disinterested person toss them.

Mr. Gross reported his misfortune to the local police, who responded by sending two state undercover officers to the coin show the following day. One officer occupied appel-

lant, who was engaged in a repeat performance of his earlier activities, while the other attempted to discern the secret of appellant's success. Again, the coins used and the person tossing it varied. What happened next was accurately described by the lower court: "The police lost six thousand ($6,000.00) dollars in forty-five (45) minutes without ascertaining anything of worth about [appellant's] modus operandi. They did not leave the issue up in the air. They arrested [appellant] and recouped their money even more speedily than they had lost it." Lower ct. op. at 2.

Appellant was charged with two counts of maintaining a gambling place, 18 Pa.C.S. § 5513(a)(1); one count of maintaining or setting up a gambling device, 18 Pa.C.S. § 5513(a)(1); and one count of theft by deception, 18 Pa.C.S. § 3922(a)(1). On May 4, 1982, appellant was tried before a jury, and was found guilty of maintaining or setting up a gambling device.[1] Post-verdict motions were filed and denied, and appellant was sentenced to pay a fine of $7,500.00, costs, plus forfeit whatever money remained in custody of the state police, and 23 months probation.

■ In this timely appeal, appellant raises only one issue: Does a coin constitute a "device" which can be used for gambling purposes under 18 P.S. § 5513(a)([1]) of the Crimes Code? Brief for Appellant at 3. We find that a coin does not constitute such a device, and therefore, we reverse.

18 Pa.C.S. § 5513(a)(1) states:

§ 5513. Gambling devices, gambling, etc.

(a) Offense defined.—A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards...

1. Demurrers to the charges of theft by deception and maintaining a gambling place were sustained and these charges were dismissed.

The only possible category in which to place appellant's act under this section is "sets up" or "maintains" a "gambling device."

Obviously, a coin cannot be a gambling device *per se*, under the standard of *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 194, 465 A.2d 973, 977 (1983). Coins are not "so intrinsically connected with gambling as to constitute [gambling] devices per se." *Nu-Ken Novelty, Inc. v. Heller*, 220 Pa.Super. 431, 433, 288 A.2d 919, 920 (1972). In related areas, the mere act of playing cards for money is not a criminal offense. *United States ex rel. Yates v. Rundle*, 326 F.Supp. 344 (E.D.Pa.1971). Nor is a racing publication conveying information on horse races, though certainly useful to a gambler in placing his bets, a "device or apparatus for gambling." *Pennsylvania Publications, Inc. v. Pennsylvania Public Utility Commission*, 349 Pa. 184, 36 A.2d 777 (1944).

Since we have held that a coin is not a gambling device, *per se*, we must now determine whether, under the facts of this case, the coin used by appellant could be classified as a "gambling device." The three elements of gambling are consideration, an element of chance, and a reward. *In re: Gaming Devices Seized at American Legion Post No. 109*, 197 Pa.Super. 10, 176 A.2d 115 (1961). Although it could be argued that appellant's ability to accurately predict the outcome of a coin toss was so unfailing as to remove any element of chance, appellant concedes for present purposes that he was engaged in gambling. Only if appellant maintained or set up a *device* to gamble, however, was he committing a crime under the statute.

■ The Crimes Code provides no definition of the word "device." In the absence of such a definition, "device" shall be construed according to its common and approved usage. Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a).[2] A court must construe the words of a statute according to

**2.** Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S. § 1903(a).

their plain meaning. *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982), *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980). We agree with appellant that under the common and approved usage, the word "device" means a machine, gadget, apparatus, or the like. Common usage does not appear to include a coin.

Webster's New Twentieth Century Dictionary, Unabridged 2nd Edition (1979), defines device as:

**device,** n. will, intention, opinion, division,

1. that which is formed by design; a thing devised; a plan; a scheme...

2. an underhanded scheme; a trick.

3. a mechanical contrivance for some purpose; an invention.

4. invention; faculty of devising [Archaic.] ...

5. anything fancifully conceived, as a picture, pattern, piece of embroidery, etc.

6. an emblem intended to represent a family, person, action, or quality, with a suitable motto: used in painting, sculpture, and heraldry.

7. the motto attached to or suited for such an emblem....

8. the act or power of inventing or contriving. [Archaic.]

**Syn.**—contrivance, invention, design, scheme, project, stratagem, emblem, motto.

In the American Heritage Dictionary, New College Edition (1979), we find the following definition:

**device** n. 1. Something devised or constructed for a particular purpose; especially, a machine used to perform one or more relatively simple tasks. 2. An artistic contrivance in a literary work used to achieve a particular effect. 3. A plan or scheme, especially a malign one. 4. A decorative design, figure, or pattern, as one used in embroidery. 5. A graphic symbol or motto, especially in

*heraldry.* **6.** *Archaic.* The act, state, or power of devising.—**leave to one's own devices.** To allow to do as one pleases.

In the other books we examined, such as Webster's Dictionary of Synonyms, 1st Edition (1951) and Roget's Thesaurus (1963), "device" is commonly found synonymous with "contrivance, gadget, contraption, implement, instrument, invention, artifice, and the like." We do not feel that a coin can be a "device" under any of these definitions.

Although this precise issue has never been previously ruled upon in Pennsylvania, there has been case law which discusses the term "gambling device" in relation to coins. Found in dicta in the case of *Rosen v. Superintendent of Police Le Strange,* 120 Pa.Super. 59, 61, 181 A. 797, 798 (1935) is the following:

> Money is not, ordinarily, itself, an instrumentality of gambling. It may be, as when men gamble on the toss of a coin. But usually it is the stake or profit of gambling, not an instrumentality, device or apparatus for gambling. Cards, dice, roulette wheels, slot machines, punch boards, certain kinds of boards or tables, lottery tickets, policy slips, "numbers" books and slips are among the common forms of gambling devices and apparatus.

The above language was cited with approval in *Fairmount Engine Co. v. Montgomery County,* 135 Pa.Super. 367, 5 A.2d 419 (1939). It was also cited in a New Jersey case, *Pratico v. Rhodes,* 32 N.J.Super. 178, 108 A.2d 97 (1954). Nevertheless, we can find no modern (newer than 1939) Pennsylvania case law on the subject, nor has any been provided us by the parties. We note that the only case law directly supporting the proposition that a coin is a "device" when used in coin tossing for money, was dicta in two forfeiture cases, *Rosen, supra* and *Fairmount Engine Co., supra,* both of which are over forty-five years old and substantially predate the statute under which appellant was arrested and convicted. Upon consideration of the facts of

this case and of the definitions of "device" as it is commonly used and understood, we do not feel that the term is broad enough to encompass a "coin." In addition, we note that the burden is on the prosecution to demonstrate whether an object is a "device," *see Nu-Ken Novelty, Inc. v. Heller, supra,* and that penal statutes are to be strictly construed. Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b).[3]

In the absence of a specific statutory proscription, we do not feel that appellant can be punished for his somewhat amazing ability to predict the outcome of a coin toss.

Judgment of sentence is vacated and appellant is discharged.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent from the majority's holding that a coin cannot constitute a "gambling device" under 18 Pa.C.S. Sec. 5513(a)(1).

To the extent that it can be used for purposes other than gambling, a coin is not a gambling device *per se.* However, under the facts of this case, we would classify the coin used by appellant as a "gambling device."

We agree with the majority and with appellant that, under the common and approved usage, a "device" could signify a machine, a gadget, an apparatus, or the like. Webster's New Twentieth Century Dictionary, Second Edition (1979), defines "gadget" as "any small object." A coin is a small object. Appellant was gambling with that small object. It would follow that the coin was a device used for gambling.

I would affirm the judgment below.

3. Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S. § 1928(b).