502 A.2d 237

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Enrico BERARDI, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Dec. 20, 1985.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Vincent A. Tucceri, Pittsburgh, for appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

Appellee was charged with one count of gambling devices[1] and proceeded to trial without a jury. At the close of the Commonwealth's case, the trial court sustained appellee's demurrer. The Commonwealth filed a motion for reconsideration which was denied, and this appeal followed. The issue presented for our consideration is whether the trial court erroneously granted appellee's demurrer where the evidence was sufficient to establish that he maintained a device for gambling purposes.[2]

In ruling on a demurrer, the court must determine whether the evidence, if credited by the factfinder, is legally

---

1. 18 Pa.C.S. § 5513(a)(1), (2).

2. Although appellee did not file a motion to quash, he now argues that we should quash the Commonwealth's appeal because the trial court's order is the functional equivalent of an acquittal. The record does not support appellee's argument that the trial court made factual or credibility findings in order to sustain his demurrer. Rather, the trial court viewed the evidence in the light most favorable to the Commonwealth and determined that there was insufficient evidence from which a jury could find appellant guilty beyond a reasonable doubt. Such a determination is one of law and is appealable by the Commonwealth. *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985).

sufficient to warrant the conclusion that the accused is guilty beyond a reasonable doubt. *Commonwealth v. DePetro*, 350 Pa. 567, 39 A.2d 838 (1944). In sustaining the demurrer herein, the trial court found that the evidence failed to establish that appellee's conduct was such as to constitute a violation of the statute under which he was charged. The relevant evidence adduced at trial is as follows:

At 11:45 p.m. on February 10, 1984, two state troopers entered appellee's tavern. One of them played a coin operated video draw poker machine, and accumulated forty credits or free games. At approximately 1:00 a.m., appellee requested that everyone leave as it was almost closing time. Approximately five minutes later the trooper informed appellee that he had accumulated forty credits. Appellee in turn gave him ten dollars and closed the tavern for the night.

18 Pa.C.S. § 5513(a)(1), (2) provides:

A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards;

(2) allows persons to collect and assemble for the purpose of unlawful gambling at any place under his control.

This court has held that the three elements of gambling are consideration, a result determined by chance rather than skill, and a reward. *Commonwealth v. Weisman*, 331 Pa.Super. 31, 479 A.2d 1063 (1984). It has also been determined that a free game in and of itself does not constitute a reward. *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 465 A.2d 973 (1983).

■ The trial court herein found that although the elements of consideration and chance were present, that of a reward was not. Specifically, the court noted that no

evidence was received as to the exact amount of money the state policeman deposited in the machine which was important in light of the failure to prove the basis for the payment of ten dollars. He further noted that the payment was made at closing time and therefore could be interpreted as a refund of money which the trooper deposited. We agree with the final determination of the trial court that the evidence was not legally sufficient to prove the elements of the offense charged.

Order affirmed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent. "The test to be applied in ruling on a demurrer is whether, accepting as true all of the prosecution's evidence and all reasonable inferences therefrom, it is sufficient to support a finding by the fact-finder that the defendant is guilty beyond a reasonable doubt." *Commonwealth v. Turner,* 491 Pa. 620, 622, 421 A.2d 1057, 1058 (1980). Because the evidence in this case was sufficient to support such a finding, the demurrer should not have been granted.