537 A.2d 812

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**TWELVE DODGE CITY VIDEO POKER MACHINES, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 12, 1987.

Decided Feb. 26, 1988.

John Rogers Carroll, Philadelphia, for appellant.

Alan M. Rubenstein, Stephen B. Harris, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

On December 18, 1984, twelve electronic poker machines owned by Bat Vending Company were seized by Bristol Township police officers at various locations in Bucks County. Bat Vending Company filed a motion seeking return of the machines, and the Commonwealth sought to have the machines forfeited as gambling devices. After an evidentiary hearing, the Bucks County Court of Common Pleas denied Bat Vending Company's motion and ordered that the seized property be forfeited to the Commonwealth. On

appeal, Superior Court, 356 Pa.Super. 592, 512 A.2d 54, affirmed *per curiam.* We granted allocatur to determine whether the lower courts erred in finding that the poker machines were gambling devices per se. We hold that the evidence was insufficient to establish the requisite element of reward to sustain a finding that the machines were gambling devices per se and reverse.

The poker machines are video game simulations of five card draw poker. During the hearing before the trial court, a machine was produced for demonstration purposes. The parties stipulated that the model was representative of the machines that were seized, except that it allowed twenty credits to be used at a time, rather than ten credits. It was stipulated also that the coin-operated machines have a book-keeping capacity to determine the number of games played and the number of credits.

Within the circuitry of a machine is an electronic chip designated as "U–17". The "U–17" chip can be removed and replaced with a chip that will enable the machine to knock off game credits if a jumper cable is inserted between the "cancel" and "stand" buttons on the machine. Removal and replacement of the chip can be accomplished in approximately 15 seconds. When the machines were seized, the circuitry had not been altered. There was no evidence that the machines had been used for gambling purposes.

The trial court concluded that the machines were gambling devices per se and ordered them to be forfeited pursuant to 18 Pa.C.S. § 5513(b), which provides that any gambling device possessed or used in violation of subsection (a) shall be seized and forfeited to the Commonwealth. Section 5513(a) defines the gambling offense as follows:

A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing

card, slot machine or any device to be used for gambling purposes, except playing cards;

(2) allows persons to collect and assemble for the purpose of unlawful gambling at any place under his control;

(3) solicits or invites any person to visit any unlawful gambling place for the purpose of gambling; or

(4) being the owner, tenant, lessee or occupant of any premises, knowingly permits or suffers the same, or any part thereof, to be used for the purpose of unlawful gambling.

In *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 465 A.2d 973 (1983), we held that the determination of whether a machine is a gambling device per se requires analysis of the three elements necessary to gambling—that is, consideration, a result determined by chance rather than skill, and a reward. If each of the elements is displayed by the machine, it is a gambling device per se. It is not disputed that the first two elements are present in the confiscated machines. The issue is whether the potential to alter a machine's function to add a knock-down feature is sufficient to establish the element of reward.

In Part I of *Two Electronic Poker Game Machines, supra,* relating to *Electro–Sport,* No. 68 W.D. Appeal Docket 1982, we stated that, although a free game itself does not constitute a reward, it may be considered a reward when coupled with other characteristics of a machine. We agreed with the Commonwealth Court's analysis in *Commonwealth v. 9 Mills Mechanical Slot Machines,* 62 Pa. Commw. 397, 437 A.2d 67 (1981), that

The ability to knock-off free games, the presence of meters to enable the owner to determine how many games were knocked-off, the ability of a player to hold a part of his previous play over to the next game in order to increase his or her chances of winning a higher pay-off on the next game, and the extremely short playing time

involved compels the conclusion that the reward of a free game constitutes a thing of value.

Finding all of those features present on the Electro–Sport machine, along with a switch that permitted the owner to vary the number of game credits per coin, we found the reward element had been established.

We later distinguished the Electro–Sport machine from the electronic poker and blackjack machines discussed in Part II of the opinion, relating to *One Poker Game,* No. 88 E.D. Appeal Docket 1982. We stated,

> The machines in the present case lack two features which in our analysis of *Electro–Sport* were crucial to finding the presence of a reward. The "knock-down" button and meter to record the number of games knocked down, present on the Electro–Sport machine, are not present here. Because these devices are not present, there is no element of reward, an element essential to finding that these machines are gambling devices per se.

502 Pa. at 198, 465 A.2d at 979. (Citations omitted).

The machines that were seized in the instant case also lack the two crucial features absent in *One Poker Game* —the "knock-down" button and meter—imperative to a finding of gambling devices per se. The Commonwealth contends that the ease and speed with which the machines could be altered to perform a knock-down function are sufficient to establish the reward element. It is the actual condition of the machine at the time it is confiscated which controls when no evidence of gambling activity is introduced. The *potential* for a reward does not satisfy the Commonwealth's burden of proof. The mere possibility of using a device for gambling purposes is not what allows for its confiscation under § 5513(b), yet that would be the consequence of adopting the Commonwealth's theory. We decline to do so and find that the electronic poker machines were not gambling devices per se.

The order of the Superior Court is reversed. The record is remanded to the Court of Common Pleas of Bucks

County with instructions to return the seized machines and money contained therein to Bat Vending Company.

NIX, C.J., and LARSEN, J., did not participate in the decision of this case.