644 A.2d 240

**In re: PETITION OF DISTRICT ATTORNEY OF WYOMING COUNTY SEEKING FORFEITURE OF ONE 1986 OLDSMOBILE SEDAN; One Audio Vox Mobile Telephone, and $571.30 in U.S. Currency.**

**Appeal of Thomas J. GUILLORN, Jr., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided June 14, 1994.

62

---

Thomas J. Hanlon, for appellant.

George P. Skumanick, Jr., for appellee.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Thomas J. Guillorn, Jr. (Appellant) appeals from an order of the Court of Common Pleas of Wyoming County which, pursuant to Section 5513(b) of the Crimes Code [1] and Section 602 of the Liquor Code,[2] granted the Commonwealth of Pennsylvania's petition for forfeiture of a 1986 Oldsmobile Cierra vehicle (Oldsmobile), an Audio Vox mobile telephone (car phone), and $571.30 in United States currency and transferred the forfeited property to the Office of the District Attorney of Wyoming County.[3]

As part of an ongoing investigation into illegal gambling activity in Wyoming County, the Pennsylvania State Police conducted a court-authorized electronic surveillance of Frank Holdren.[4] The State Police intercepted and monitored several phone calls from Holdren's phones to Appellant's car phone. In each case, Holdren and either Appellant or Appellant's father conducted a conversation that involved bookmaking.[5]

As a result of the electronic surveillance of Holdren, the State Police initiated a surveillance of Appellant. On April 29, 1989, State Police Trooper William Jesse observed Appellant sitting in the Oldsmobile while it was parked in a shopping center lot, talking into the car phone and writing on a tablet. Trooper Jesse also saw, mounted on the dashboard, a clipboard containing a betting line sheet.[6]

Several days later, having obtained search warrants, State Police Trooper Peter Tonetti and other members of the State

1. Section 5513(b) of the Crimes Code, *as amended*, 18 Pa.C.S. § 5513(b).

2. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 6–602.

3. This case was assigned to the opinion writer on April 26, 1994.

4. The State Police were authorized to conduct electronic surveillance of two phone numbers subscribed to by Holdren.

5. Section 5514 of the Crimes Code, 18 Pa.C.S. § 5514, provides that a person who engages in bookmaking is guilty of a misdemeanor of the first degree.

6. A line sheet is used by bookmakers to obtain the spread or the line for particular games that are being played. Such information is furnished to bettors and is also used to even out the betting on particular sporting contests. (*See* Hearing of October 16, 1992, N.T. at 19.)

Police stopped the Oldsmobile and searched Appellant, Appellant's father, and the Oldsmobile. The State Police then seized the Oldsmobile, car phone, and $571.30 in currency.[7]

The Commonwealth filed a petition for forfeiture, alleging that the Oldsmobile and the car phone were utilized to conduct illegal gambling and bookmaking operations and that the currency seized was the proceeds of such enterprise. Appellant filed an answer to the petition, denying that the seized property was subject to forfeiture, and a hearing was held before the trial court.[8]

At the hearing, Trooper Tonetti testified that, in his opinion as an expert in gambling operations, the items taken from the Oldsmobile were consistent with a gambling operation. Trooper Jesse testified that, in his opinion as an expert in the area of gambling crime, the Oldsmobile and car phone would permit someone to conduct unlawful gambling at places and locations under his control. Appellant presented no testimony or evidence, but conceded that bookmaking calls were taken on his car phone. The trial court then granted the Commonwealth's petition for forfeiture pursuant to Section 5513(b) of the Crimes Code as implemented by Section 602 of the Liquor Code.[9]

On appeal,[10] Appellant argues that while Section 5513(b) of the Crimes Code provides for the seizure and

---

**7.** The State Police recovered the following items from the Oldsmobile: an unspecified number of betting slips; thirteen sheets containing parlay betting information; ten Cambridge 8½ by 11 inch tablets containing bets; the car phone; a baseball schedule with line ups; and two Pocono Downs racing schedules. The State Police also recovered $300 from the pockets of Appellant and $271.30 from the pockets of Appellant's father.

**8.** The parties stipulated that the Oldsmobile and car phone belonged to Appellant, $300.00 of the currency belonged to Appellant, and $271.30 belonged to Appellant's father.

**9.** The trial court also directed attention to this Court's opinion in *Commonwealth v. McDermond,* 127 Pa.Commonwealth Ct. 17, 560 A.2d 901 (1989).

**10.** Our scope of review is limited to determining whether the findings of the trial court are supported by competent evidence. *Commonwealth*

forfeiture of gambling devices possessed or used in violation of subsection (a),[11] it does not permit the forfeiture of items such as the Oldsmobile and car phone that merely facilitate gambling activity. The essence of Appellant's argument is that neither the Oldsmobile nor the car phone are gambling devices within the meaning of Section 5513(b) and, therefore, are not subject to forfeiture. We agree.

 We begin by noting that the burden is on the Commonwealth to demonstrate whether an object is a "gambling device" and thus subject to forfeiture, *see Nu–Ken Novelty, Inc. v. Heller*, 220 Pa.Superior Ct. 431, 288 A.2d 919 (1972), and that penal statutes are to be strictly construed. Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b). Section 5513(b) of the Crimes Code provides as follows:

**(b) Confiscation of gambling devices.**—Any gambling device possessed or used in violation of the provisions of subsection (a) of this section shall be seized and forfeited to the Commonwealth. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of intoxicating liquor shall apply to seizures and forfeitures under the provisions of this section.

18 Pa.C.S. § 5513(b).

The Crimes Code provides no definition of the term "gambling device." Case law, however, has well established that a device cannot be deemed a "gambling device" *per se* unless

*v. $32,950.00 U.S. Currency,* 160 Pa.Commonwealth Ct. 58, 634 A.2d 697 (1993).

**11.** Section 5513(a) of the Crimes Code provides that a person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards;

(2) allows persons to collect and assemble for the purpose of unlawful gambling at any place under his control;

(3) solicits or invites any person to visit any unlawful gambling place for the purpose of gambling; or

(4) being the owner, tenant, lessee or occupant of any premises, knowingly permits or suffers the same, or any part thereof, to be used for the purpose of unlawful gambling.

18 Pa.C.S. § 5513(a).

there is consideration, chance, reward, and the device has no other use than for gambling. *Commonwealth v. Twelve Dodge City Video Poker Machines,* 517 Pa. 363, 537 A.2d 812 (1988); *Commonwealth v. 9 Mills Mechanical Slot Machines,* 62 Pa.Commonwealth Ct. 397, 437 A.2d 67 (1981). There is no dispute that the Oldsmobile and the car phone are not "gambling devices" *per se;*[12] thus, we must now determine whether, under the facts of this case, the Oldsmobile and car phone as used by Appellant could be classified as "gambling devices." *See Commonwealth v. Weisman,* 331 Pa.Superior Ct. 31, 479 A.2d 1063 (1984).

In the absence of a definition of "device" within the Crimes Code, such term shall be construed according to its common and approved usage. Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). "Device" is defined as "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function." Webster's Third New International Dictionary 618 (1966). In *Weisman,* the Superior Court construed the word "device" to mean "a machine, gadget, apparatus, or the like." *Weisman,* 331 Pa.Superior Ct. at 35, 479 A.2d at 1065. We believe that the definition of "device", as it is commonly used and understood, is broad enough to encompass the Oldsmobile and the car phone.

 Having determined that the Oldsmobile and car phone are "devices", we must now determine whether they are "gambling devices" for purposes of the statute. The three elements of gambling are consideration, an element of chance, and a reward. *Weisman.* Thus, a device only becomes a "gambling device" where one pays for its operation and, depending on the outcome of that performance, either gains a reward or suffers a loss. Here, however, the Oldsmobile and car phone were certainly not part of a game that involved people placing bets (consideration) on whether or not the Oldsmobile or car phone would yield some result (element of

12. In the argument portion of its brief to this Court, the Commonwealth argues that the use made of the Oldsmobile and car phone by Appellant renders them *de facto* gambling devices and therefore asserts that both items are subject to forfeiture.

chance), such that the bettor might receive monetary gain (reward). Therefore, the Oldsmobile and car phone are not "gambling devices" under the law.

This position is supported by *Commonwealth v. Di Orio,* 159 Pa.Superior Ct. 641, 49 A.2d 866 (1946), in which the court determined that an automobile seized in conjunction with the operation of a numbers game was not subject to forfeiture as a "gambling device." Although the court reasoned in part from a statutory list of gambling devices that has since been repealed,[13] the court did not simply state that if a device was not enumerated in the statute it was not a "gambling device." The court offered further reasoning in support of its conclusion:

> [I]nformation may be furnished, sent or received by ... *telephone, automobile* and other instrumentalities for use in gambling operations, but they are not subject under our present laws to seizure.... This automobile undoubtedly facilitated gambling, as a telephone may.... It is not, however, in its primary use, a gambling device or apparatus in the sense that roulette wheels, slot machines, etc., are. *Nor did its use determine a winner* any more than an instrument used in the transmission of messages.

*Id.* at 643, 49 A.2d at 867 (emphasis added).

■ Appellant next asserts that there is no evidence that the money taken from him[14] was either a gambling stake or the fruits of an illegal gambling enterprise. Appellant argues that since the currency may not be considered derivative contraband, it should be returned. We agree.

■ It is well established that money may be seized and forfeited to the Commonwealth if it is derivative contraband of an illegal gambling operation. *Commonwealth v. McDermond,* 127 Pa.Commonwealth Ct. 17, 22, 560 A.2d 901, 903

---

**13.** Section 55 of the Crimes Code at that time listed certain gambling devices covered by the statute. *Di Orio,* 159 Pa.Superior Ct. at 642, 49 A.2d at 867.

**14.** Appellant's father is not a party to this proceeding and has not sought return of the $271.30.

(1989). Money is derivative contraband of an illegal gambling operation when the circumstances are such that it is clearly apparent that the money formed an integral part of the illegal gambling operation and, being commingled with other such money, had not previous to the seizure been reclaimed and taken back into possession of the player nor been received and reduced to the exclusive possession of the winner or owner of the gambling device, or proprietor of the gambling establishment. *Id.*

The Commonwealth asserts that this Court's decision in *McDermond* is controlling. We disagree. In *McDermond*, the defendant was apprehended leaving a bookmaking operation while carrying a "veritable plethora" of tally sheets and wagering slips with his pocket literally bulging with cash.[15] Based on these facts, the court in *McDermond* found that the trial court erred in determining that the Commonwealth did not sustain its burden of proof at the forfeiture hearing,[16] concluding that the Commonwealth's evidence, both direct and circumstantial, supported a conclusion that the money was an integral part of an illegal gambling operation.

By contrast, the record here is devoid of any evidence that the seized money was derived from gambling transactions or constituted either a reserve from which winners were to be paid or profits from the operations. *See McDermond.* The trial court, therefore, erred in granting the Commonwealth's request for forfeiture of the money seized from Appellant.

Accordingly, we reverse the trial court's order and direct the return of the Oldsmobile, the car phone and Appellant's $300.00 in U.S. currency.

15. A search of the defendant's person uncovered $4,225.00 from his front pocket and $5,000.00 from his back pocket.

16. Pursuant to Section 602 of the Liquor Code, at the time of the forfeiture hearing, the Commonwealth must establish by a preponderance of the evidence that the property was unlawfully used or possessed. Once the Commonwealth meets this burden, the burden shifts to the claimant to establish (1) that he is the owner of the property; (2) that he lawfully acquired the same; and (3) that it was not unlawfully used or possessed. *See* 47 P.S. § 6–602(e).

## ORDER

AND NOW, this 14th day of June, 1994, the order of the Court of Common Pleas of Wyoming County, dated December 18, 1992, is modified as follows:

1. The order of the trial court affirming the forfeiture of one 1986 Oldsmobile sedan and one Audio Vox mobile telephone is reversed and the District Attorney is directed to return them to Appellant, Thomas J. Guillorn, Jr.

2. The order of the trial court forfeiting the entire sum of $571.30 is modified and the District Attorney is directed to return the sum of $300.00 to Appellant, Thomas J. Guillorn, Jr.

SILVESTRI, Senior Judge, concurring and dissenting.

I agree with the majority's conclusion that the trial court erred in granting the Commonwealth's request for forfeiture of the money seized from the Appellant; however, I disagree with the majority's decision to direct the return of the Oldsmobile and the car phone and therefore I concur only in part and file this dissent.

The majority correctly determines that the Oldsmobile and the car phone are "devices" and therefore that the issue becomes whether they are "gambling devices" for purposes of the statute. The majority, noting that the three elements of gambling are consideration, an element of chance, and a reward,[1] concludes that "a device *only* becomes a 'gambling device' where one pays for its operation and, depending on the outcome of that performance, either gains a reward or suffers a loss." (Emphasis added.) The majority further concludes that, since neither the Oldsmobile nor the car phone were part of a game that involved people placing bets (consideration) on whether or not the Oldsmobile or the car phone would yield some result (element of chance) such that the bettor might receive monetary gain (reward), neither the Oldsmobile nor the car phone were "gambling devices" subject to forfeiture.

[1]. *See Commonwealth v. Weisman,* 331 Pa.Superior Ct. 31, 479 A.2d 1063 (1984).

In so concluding, the majority merely determines that the Oldsmobile and the car phone are not "gambling devices" per se;[2] thus, the issue still remains whether, under the facts of this case, the Oldsmobile and the car phone as used by the Appellant are subject to forfeiture under the statute.

The majority asserts that its position, that the Oldsmobile and the car phone are not "gambling devices" and thus not subject to forfeiture, is supported by *Commonwealth v. DiOrio*, 159 Pa.Superior Ct. 641, 49 A.2d 866 (1946). I believe that such reliance is misplaced and that *DiOrio* is neither controlling nor persuasive herein.

In *DiOrio*, the Superior Court held that an automobile used to pick up number plays was not subject to forfeiture under either Sections 59 or 60 of the Crimes Code.[3] The *DiOrio* court, relying on its decision in *American Telephone & Telegraph Company's Appeal*, 126 Pa.Superior Ct. 533, 191 A. 210 (1937), concluded that Sections 59 and 60 must be construed with the specific gambling devices mentioned in Section 55.[4] The *DiOrio* court further concluded that since the legislature

2. In *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 465 A.2d 973 (1983), the Supreme Court endeavored to develop a meaningful test for judging whether a given machine is a "gambling device" per se. The Supreme court determined that in order for the historical standard, that a machine is a gambling device per se if it can be used for no purpose other than gambling, to be useful, it cannot mean that the machine could not possibly be used for any activity other than gambling. The Supreme Court concluded instead that the inquiry must be whether the machine is so intrinsically connected with gambling. The Supreme Court therefore held that if a machine displays all three elements of gambling, it will then be so intrinsically connected with gambling as to be a gambling device per se.

3. *Repealed*, former Act of March 31, 1860, P.L. 382, *as amended*, 18 P.S. §§ 1444 and 1445. For subject matter of repealed sections, see, now, 18 Pa.C.S. § 5513.

4. Section 55, which has also been repealed, provided a statutory list of specific gambling devices, as follows:

Any game or device of address or hazard, with cards, dice, billiard balls, shuffle boards, or any other instrument, article or thing whatsoever, heretofore or which hereafter maybe invented, used or employed, at which money or other valuable thing may or shall be played for, or staked or betted upon.

*See DiOrio*, 159 Pa.Superior Ct. at 642, 49 A.2d at 867.

had not specifically enacted that a machine, such as an automobile, which was knowingly used to furnish or obtain information to be used in gambling may be seized or forfeited, the automobile was unlawfully taken from the defendant.

The majority asserts that the court in *DiOrio* did not simply state that if a device was not enumerated in the statute it was not a "gambling device." In so asserting, the majority ignores the legal holding in *DiOrio* and instead attempts to rely upon extraneous reasons offered in support of the holding which are tantamount to dicta. Thus, *DiOrio* cannot serve as a basis of support for the majority's position.

Section 5513(b) of the Crimes Code provides for the forfeiture of any gambling device possessed or used in violation of subsection (a) which provides, in pertinent part, that a person is guilty of a misdemeanor of the first degree if he intentionally or knowingly makes use of any device to be used for gambling purposes. *See* 18 Pa.C.S. § 5513(a) and (b). There is no dispute that under the facts of this case, as evidenced from the testimony of both Trooper Tonetti and Trooper Jessie, the Oldsmobile and the car phone were used by the Appellant in the conduct of his gambling operation and therefore are by their use "gambling devices" subject to forfeiture. Accordingly, I would affirm in part the decision of the trial court with respect to the forfeiture of the Oldsmobile and the car phone and reverse in part with respect to the $300.00 in United States currency.